# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LN MANAGEMENT LLC SERIES 7241 BROOK CREST,<br><br>    Plaintiff<br><br>v.<br><br>BRANDON JHUN, et al.,<br><br>    Defendants | Case No.: 2:14-cv-01936-APG-EJY<br><br>**Order Granting Motion for Summary Judgment**<br><br>[ECF No. 73] |

      Plaintiff LN Management LLC Series 7241 Brook Crest (LN) filed suit in state court to quiet title to property it purchased at a non-judicial foreclosure sale conducted by a homeowners association (HOA). The United States of America, which asserts tax liens on the property, removed the case to this court. LN seeks a declaration that title is vested in it free and clear of all the defendants' claims. ECF No. 1-1 at 6. Alternatively, it seeks "a determination of what remaining interest Defendants have in the Property, an accounting of Defendant[s'] claims, an order of the Court recognizing [LN] as the legal owner of the Property, subject to any unextinguished claims, and an order of the Court requiring Defendant(s) to accept payments under the terms of any surviving lien, from Plaintiff." *Id.* at 6-7.

      The United States moves for summary judgment, arguing that it has valid tax liens on the property that have priority over LN's claim to the property because the liens were prior in time and no statutory provision grants LN priority. The United States also argues that the property remains subject to the federal tax liens because the HOA did not send foreclosure notices to the Internal Revenue Service (IRS). No one filed an opposition.

For the following reasons, I grant the United States' motion as to the first portion of LN's quiet title and declaratory relief claims. However, the United States did not file a counterclaim for declaratory relief in this action. Therefore, I rule only that LN cannot establish its claims against the United States. Additionally, the United States' motion did not address the alternative relief LN requests in its complaint. I therefore direct the parties to confer about whether discovery should be reopened regarding these matters. The parties shall file a motion to reopen discovery or their proposed joint pretrial order by August 7, 2020. Finally, LN shall show cause why its claims against defendants Brandon Jhun, Elske Van Hemert, and On Call Cash LLC should not be dismissed from this case.

## I. BACKGROUND

Brandon Jhun and Elske Van Hemert purchased the property located at 7241 Brook Crest Avenue in Las Vegas in 2009. ECF No. 73-3. The IRS made tax, penalty, and interest assessments against Jhun and Van Hemert on October 12, 2009 for the 2008 tax year. ECF No. 73-11 at 2. The IRS made another assessment on June 7, 2010 for the 2009 tax year. *Id.* at 3. And on February 11, 2013, the IRS made a third assessment for the 2010 tax year. *Id.*

Prior to the HOA commencing its foreclosure, the IRS recorded with the Clark County Recorder's Office a Notice of Federal Tax Lien (NFTL) for the 2008 and 2009 tax years. *See* ECF Nos. 73-4 (NFTL for 2008 and 2009 tax years recorded 5/18/2011); 73-7 (HOA's notice of delinquent assessment lien sent 1/4/2013); 73-10 (HOA sale took place on 9/17/13). Despite the recorded NFTL, the HOA's foreclosure agent did not mail the foreclosure notices to the IRS. *See* ECF No. 73-7 (showing mailing lists that do not include the IRS). The NFTL for the 2010 tax

year was recorded after the HOA sale.[1] ECF No. 73-6 (NFTL for 2010 tax year recorded 1/23/14). LN purchased the property at the HOA foreclosure sale. ECF No. 73-10.

LN filed this suit to quiet title and to determine the existence and extent of the defendants' interests in the property. The United States contends the property remains subject to the federal tax liens.

## II. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

---

[1] The IRS recorded a NFTL under Jhun's name with respect to a different property for the 2010 tax assessments. ECF No. 73-5. This NFTL also was recorded after the HOA sale. *Id.*

3

## III. ANALYSIS

The United States obtains a lien on all property belonging to a taxpayer who neglects or refuses to pay taxes after notice and demand. 26 U.S.C. § 6321. This lien arises on the date of assessment and continues until the tax liability is satisfied. 26 U.S.C. § 6322. The relative priority of a federal lien for unpaid taxes is governed by federal law. *United States v. Equitable Life Assur. Soc. of U.S.*, 384 U.S. 323, 330 (1966). Liens for unpaid federal taxes do not automatically take priority over other liens. *U.S. By & Through I.R.S. v. McDermott*, 507 U.S. 447, 449 (1993). Rather, where Congress has not specifically expressed its intention, the relative priority of a federal tax lien as against a lien created under state law is determined by the "general rule that 'the first in time is the first in right.'" *In re Kimura*, 969 F.2d 806, 813 (9th Cir. 1992) (quoting *United States v. City of New Britain*, 347 U.S. 81, 85 (1954)).

Congress has set forth the relative priority of a federal tax lien in some specified circumstances. The lien is effective against a taxpayer even without filing a notice of the lien. *See TKB Int'l, Inc. v. United States*, 995 F.2d 1460, 1463 (9th Cir. 1993) ("The creation of a tax lien does not require a filing of public notice, and, once created, the tax lien is effective as against the taxpayer until" paid or time-barred). But a federal tax lien is not valid as against "any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor" until the United States properly records notice of the lien. 26 U.S.C. § 6323(a).

Congress also has specified that the IRS must receive notice of a foreclosure sale or its interest will not be extinguished. 26 U.S.C. § 7425(b)(1). Thus, a "nonjudicial sale of property is made 'subject to and without disturbing' federal tax liens if (1) the federal tax liens were filed more than 30 days before the sale, and (2) notice of the sale is not given to the IRS in accordance

with § 7425(c)(1)." *Orme v. United States*, 269 F.3d 991, 994 (9th Cir. 2001) (quoting § 7425(b)(1)).

With respect to the liens for the 2008 and 2009 tax years, no genuine dispute remains that LN took title to the property with record notice of the liens because the NFTL for these assessments was recorded before the HOA foreclosure sale. Additionally, the NFTL was recorded more than 30 days before the sale and there is no evidence the HOA's foreclosure agent gave notice to the IRS. Consequently, the sale was made subject to, and did not disturb, the lien for the 2008 and 2009 tax years.

With respect to the lien for the 2010 tax year, LN has presented no evidence to show it falls within a statutory section that might provide it with priority over that lien even though the NFTL was not recorded before the sale. LN has not presented evidence or argument to counter the United States' position that LN does not qualify as a "purchaser" and the HOA does not qualify as a "holder of a security interest" under § 6323(a) as those terms are defined in § 6323(h). The purchaser or holder of a security interest seeking to establish priority over a competing federal tax lien bears the burden of showing they meet the statutory definitions. *See Equity Inv. Partners, LP v. Lenz*, 594 F.3d 1338, 1343 (11th Cir. 2010); *Rice Inv. Co. v. United States*, 625 F.2d 565, 571 (5th Cir. 1980); *see also Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 157 (Nev. 2019) (en banc) (stating that the "burden of proof [in a quiet title action] rests with the plaintiff to prove good title in himself" (quotation omitted)). Because LN has not responded to the United States' motion, it has not pointed to evidence in the record that would raise a genuine dispute on these issues. I therefore grant the United States' motion for judgment as a matter of law on LN's quiet title and declaratory relief

claims against it to the extent that LN sought a declaration that it owns the property free and clear of the United States' federal tax liens.

However, the United States did not file a counterclaim for declaratory relief in this action. Therefore, I rule only that LN cannot establish its own claim that it owns the property free and clear of the United States' tax liens. Additionally, the United States' motion did not address the alternative relief LN requested in its complaint. *See* ECF No. 1-1 at 7. I therefore direct the parties to confer about whether discovery should be reopened regarding these matters. LN and the United States shall file a motion to reopen discovery or the proposed joint pretrial order by **August 7, 2020**.

Finally, LN must show cause why its claims against defendants Brandon Jhun, Elske Van Hemert, and On Call Cash LLC should not be dismissed for failure to timely serve those defendants and failure to prosecute those claims. Nothing in the record shows these defendants were timely served and LN has taken no action to prosecute its claims against them.

**IV. CONCLUSION**

I THEREFORE ORDER that defendant United States of America's motion for summary judgment **(ECF No. 73) is GRANTED in part** as to plaintiff LN Management LLC Series 7241 Brook Crest's quiet title and declaratory relief claims seeking a declaration that the property is free and clear of the federal tax liens.

I FURTHER ORDER that plaintiff LN Management LLC Series 7241 Brook Crest and defendant United States of America shall confer about whether discovery should be reopened with respect to the remainder of the plaintiff's quiet title and declaratory relief claims. These parties shall file either a motion to reopen discovery or a proposed joint pretrial order by **August 7, 2020**.

I FURTHER ORDER that by **July 24, 2020**, plaintiff LN Management LLC Series 7241 Brook Crest shall show cause why its claims against defendants Brandon Jhun, Elske Van Hemert, and On Call Cash LLC should not be dismissed for failure to timely serve and failure to prosecute. Failure to respond by that date will result in dismissal of these claims without further notice.

DATED this 6th day of July, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE